IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAJAH MILLER,** : | **CIVIL NO. 1:CV-07-1326** |
| Petitioner, : | |
| : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **TROY WILLIAMSON,** : | |
| Respondent. : | |

# **M E M O R A N D U M**

Petitioner Rajah Miller ("Miller"), a federal inmate currently incarcerated at the United States Federal Prison in Lewisburg, Pennsylvania ("SPC Lewisburg"), brings the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent is Troy Williamson, Warden of SPC Lewisburg. Miller claims that he has been denied placement in a Community Correction Center ("CCC")[1] or home release in violation of Bureau of Prison ("BOP") regulations, and he seeks either immediate placement into a CCC or release into home confinement. Respondent argues that Miller's petition should be denied because (1) Miller failed to exhaust his administrative remedies prior to filing suit, and (2) Miller has no right to CCC placement. Because the court agrees that Miller failed to exhaust his administrative remedies prior to filing suit, his petition will be denied.

---

[1] Defendants note that the name of Community Correctional Centers has recently changed to Residential Re-entry Centers. The court will continue to use the term CCC in this opinion.

**I.      Background**

      **1.      Factual Background**

Miller is currently serving a 188-month federal sentence, with a projected release date of January 14, 2014, assuming he receives good conduct time. (Doc. 4 Ex. 1 ¶ 4.)  On September 12, 2005, BOP assigned Miller to SPC Lewisburg.  On March 28, 2007, Miller's Unit Team at SPC Lewisburg performed an annual Program Review, determining that Miller's conduct and work performance were satisfactory, but that it was too soon to consider Miller for placement in a CCC because he had almost eight years remaining in his sentence. (*Id.* Ex. 1-B.)

The following day, the Unit Team reviewed Miller's custody classification by completing a Custody Classification Form.  (*Id.* Ex. 1-C.)  Although the calculations on the form indicated that Miller's custody status should be reduced from "Out" to "Community," the Unit Team declined to follow that recommendation.  Instead, according to Respondent, "Miller's Unit Team utilized their professional judgment and decided not to follow the Custody Classification form's recommendation because staff believed a decrease in Miller's custody classification was not appropriate given the almost seven years remaining on Miller's sentence at the time the determination was made." (Doc. 4 at 3.)  Miller chose not to challenge this determination through the prison's grievance process.

      **2.      Procedural Background**

On July 23, 2007, Miller filed the instant *pro se* complaint. (Doc. 1.)  On July 25, 2007, the court issued an order to show cause why relief should not be granted, and directed Respondent to file a response by August 15, 2007 (Doc. 3).  A

response was filed by Respondent on August 14, 2007 (Doc. 4). Miller filed a traverse on September 28, 2007 (Doc. 7). Accordingly, the issue has been fully briefed and is ripe for disposition.

**II.**     **Discussion**

A federal prisoner may challenge the execution of his sentence, including the denial of placement in a CCC, by petitioning for a writ of habeas corpus in a federal district court pursuant to 28 U.S.C. § 2241. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005). However, a prisoner must ordinarily exhaust his administrative remedies prior to bringing a habeas petition pursuant to § 2241. *See Moscato v. Fed. Bur. of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981). The Third Circuit has identified a number of reasons for the exhaustion requirement:

> (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors.

*Bradshaw*, 682 F.2d at 1052. Failure to exhaust administrative remedies may be excused when the goals of the exhaustion requirement would not be met, or where exhaustion would be futile. *Id.* The Third Circuit has held that exhaustion would be futile where a prisoner challenges the validity of a law or regulation, rather than its application in a particular case. *See, e.g., Woodall*, 432 F.3d at 239 n.2 (holding that exhaustion would be futile where a prisoner challenged the validity of a BOP regulation).

Respondent argues that Miller's petition must be denied because Miller has failed to exhaust his administrative remedies prior to bringing suit. Miller claims that his failure to exhaust should be excused because exhaustion would be futile. In support of his claim, Miller cites *Woodall*, 432 F.3d at 239 n.2, in which a prisoner challenged the validity of a BOP regulation which categorically restricted CCC placement to prisoners with the lesser of six months or ten percent of their sentence remaining. The Third Circuit held that because the regulation's validity rather than its application was at issue, requiring exhaustion would be futile and the purposes for exhaustion would not be served. *Id.*

By contrast, here petitioner challenges the *application* of BOP policy to him. In this case, exhaustion would not be futile because the BOP, in reviewing Petitioner's claim, may change its mind and decide that Petitioner is an appropriate candidate for CCC. Additionally, administrative review by the BOP will further develop the record and assist judicial review of Petitioner's claim. In other words, this is precisely the type of case in which exhaustion is required. Accordingly, Petitioner's failure to exhaust his administrative remedies will not be excused and the petition for a writ of habeas corpus will be denied.

### III.     Conclusion

Based on the foregoing discussion, Miller has failed to exhaust his administrative remedies prior to filing suit, the petition for a writ of habeas corpus will be denied. An appropriate order will issue.

                                     s/Sylvia H. Rambo
                                     SYLVIA H. RAMBO
                                     United States District Judge

Dated: February 19, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAJAH MILLER,** | : | **CIVIL NO. 1:CV-07-1326** |
| Petitioner, | : | |
| v. | : | **JUDGE SYLVIA H. RAMBO** |
| **TROY WILLIAMSON,** | : | |
| Respondent. | : | |

## **O R D E R**

### **IT IS HEREBY ORDERED THAT,**

(1)  Miller's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

(2)  The Clerk of Court is directed to close this file.

                                                            s/Sylvia H. Rambo
                                                      SYLVIA H. RAMBO
                                                      United States District Judge

Dated: February 19, 2008.